UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――
PENN-STAR INSURANCE COMPANY,
                           Plaintiff,

        -v-                                              22-CV-1154 (JPO)

LORING PLACE REALTY LLC, *et al.*,                       ORDER
                           Defendants.
―――――――――――――――――――――――――――――――

J. PAUL OETKEN, District Judge:

Defendant and Third-Party Plaintiff Loring Place Realty LLC ("Loring Place") moves for reconsideration of the Court's March 25, 2024 Opinion and Order denying Loring Place's motion for summary judgment against Third-Party Defendant Phoenix Insurance Company ("Phoenix") and granting Phoenix's cross-motion for summary judgment on the issue of the duty to defend (ECF No. 88). Plaintiff Penn-Star Insurance Company ("Penn-Star") cross-moves to amend its Third Amended Complaint and reassert claims, previously dismissed without prejudice, against Phoenix.

For the reasons discussed during the telephonic conference held on January 15, 2025, the Court grants Loring Place's motion for reconsideration and Penn-Star's motion to further amend its complaint, reasserting claims against Phoenix.

I.   **Loring Place's Motion for Reconsideration**

A motion for reconsideration "should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted).

1

The Court's March 25, 2024 Opinion and Order largely turned on the reasoning that "there are no facts pleaded in the underlying action suggesting that Reynoso's injury was 'caused, in whole or in part, by [the] acts or omissions' of the named insured, Starry." (ECF No. 88 at 8.) Now, however, the July 30, 2024 deposition of Jad Assasd, Starry's Senior Director of Technical Operations, in the underlying action uncovered evidence suggesting that Reynoso's injuries were, in fact, "caused, in whole or in part, by [the] acts or omissions" of Starry. That is, with Assasd's admission that Starry was on the hook to provide personal safety equipment that they may not have adequately provided or mandated use of the day of Reynoso's accident, the Court determines that a rational trier of fact could find Phoenix to have a duty to defend in the underlying action. Because it would be manifestly unjust for the Court to allow Phoenix off the hook in the underlying action when there is now evidence of Starry's role in the accident, the Court grants Loring Place's motion for reconsideration.

## II.   Penn-Star's Motion to Amend the Complaint

When a party has already amended its pleading as of right, district courts are to "freely give leave" to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). Though the Court is given discretion in deciding whether to grant a subsequent motion for leave to amend, "that discretion must be exercised in terms of a justifying reason or reasons consonant with the liberalizing 'spirit of the Federal Rules.'" *U.S. For & on Behalf of Mar. Admin. v. Continental Ill. Nat. Bank & Tr. Co. of Chi.*, 889 F.2d 1248, 1254 (2d Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 181 (1962)). Some of the reasons to deny a motion for leave to amend include "futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman*, 371 U.S. at 182).

Penn-Star had not moved against Phoenix previously, and because the Court dismissed all claims against Phoenix without prejudice on May 2, 2024 (ECF No. 91), Penn-Star has lacked

the opportunity to use subsequent, relevant discovery in the underlying action to move against Phoenix on the issues of duty to defend and duty to indemnify. Penn-Star would thus be unduly prejudiced should the Court prevent it from further amending its complaint and reasserting claims against Phoenix given the newly uncovered information implicating Starry's role in Reynoso's accident. The Court thus grants Penn-Star's cross-motion.

For the foregoing reasons, Loring Place's motion for reconsideration and Penn-Star's motion to further amend its complaint and reassert claims against Phoenix are GRANTED.

The Clerk of Court is directed to close the motions at Docket Numbers 101 and 118. Penn-Star shall file its Fourth Amended Complaint by January 24, 2025.

SO ORDERED.

Dated: January 17, 2025
New York, New York

_____
J. PAUL OETKEN
United States District Judge